



ORIGINAL

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RIVER DOWNS INVESTMENT COMPANY 6301 Kellogg Road Cincinnati, Ohio 45230 | : : : : | Case No. A1107081 Judge |
| Plaintiff, | : : | |
| vs. | : : | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| SPORTECH RACING, LLC c/o The CT Company Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 | : : : : : : | **With Jury Demand** |
| Defendant. | | |

2011 SEP -8 P 2: 12 FILED

## COUNT ONE

The Plaintiff River Downs Investment Company ("River Downs") for its Complaint against Defendant Sportech Racing, LLC ("Sportech"), allege as follows:

This is an action for declaratory judgment pursuant to O.R.C. § 2721.02.

1.     Plaintiff River Downs is a partnership organized pursuant to the laws of California, with its principal place of business in Cincinnati, Ohio.

2.     Defendant Sportech is a limited liability company organized under the laws of Delaware.

3.     At all times relevant to this complaint, River Downs operated a horse racing track ("the Track") on Kellogg Road in Cincinnati, Ohio.

4.     Since 1996, Sportech, and its predecessors in interest, Scientific Games Racing, LLC ("Scientific") and Autotote Corporation ("Autotote") provided services to River Downs related to the process of wagering on simulcast races at the Track ("the Services").

5.     Pursuant to a verbal agreement, River Downs paid Autotote for the Services at a rate of 0.00125 times the amount wagered on the simulcast races.

6.     In or about 2001, Autotote requested that River Downs sign an agreement increasing the payment rate from 0.00125 to 0.0015. At that time, Autotote also requested that River Downs agree to pay at least a minimum amount per race. This was referred to as "the California minimum."

7.     River Downs refused to increase the payment rate and refused to pay any minimum amount.

8.     Thereafter Autotote and later Scientific continued to provide the Services. Despite River Downs' refusal to increase the rate of payment or to provide a minimum, Autotote and later Scientific sent weekly invoices reflecting the higher rate and the California minimum. Each month, River Downs modified the invoice to reiterate its agreement to pay only the 0.00125 rate, with no minimum. Autotote and Scientific accepted the payments and continued to provide the Services.

9.     In or about March, 2009, River Downs agreed to raise the compensation rate for the Services to 0.0015, with no minimums.

10.     Thereafter, River Downs paid the 0.0015 rate with no minimums. River Downs was not billed for any "delinquent" amounts thereafter.

11.     The last day that River Downs operated the Track was January 27, 2011.

12.     In or about July, 2011, Sportech, by and through counsel, demanded payment of $125,951.61 from River Downs, based on an alleged agreement between Scientific and River Downs to pay the 0.0015 rate and the California minimums.

13.     On or about August 16, 2011, Sportech, by and through counsel, delivered to River Downs correspondence which enclosed an undated contract purporting to establish the 0.0015 and California minimums terms. The contract provides: "Recipient [River Downs] will be deemed to have accepted the terms and conditions set forth herein upon placing any wagers to host tracks using SGR's services."

14.     Prior to August 16, 2011, River Downs had never received a copy of the undated contract, nor did it ever agree to the terms set forth in the undated contract.

15.     O.R.C. § 2721.02 provides:

> "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

## COUNT TWO

16.     River Downs incorporates by reference the allegations set forth in paragraphs 1-15 above.

17.     On or about January 28, 2011 pursuant to a contract dated November 24, 2010, the assets of River Downs were sold to PNK (Ohio), LLC, ("PNK"), an affiliate of Pinnacle Entertainment, Inc. ("Pinnacle").

18.     Neither PNK nor Pinnacle assumed any liability that River Downs owed to Sportech or its predecessors in interest.

19.     On or about July 18, 2011, Sportech, by and through counsel, delivered correspondence to PNK and Pinnacle, demanding payment of $125,951.61 from Pinnacle.

20.     Sportech had no basis nor justification to make the demand for $125,951 to Pinnacle.

21.     As a result of Sportech's unwarranted demand, Pinnacle objected to the release of that amount from an Indemnification Escrow Agreement account established in conjunction with the asset sale.

22.     Sportech's demand to Pinnacle was made solely to interfere with the contractual relationship among PNK, Pinnacle and River Downs, and was done maliciously.

23.     Sportech is liable for all damages proximately resulting from its intentional interference with the contractual relationship among PNK, Pinnacle and River Downs.

### COUNT THREE

24.     River Downs incorporates by reference the allegations set forth in paragraphs 1-23 above.

25.     Sportech's communication with PNK and Pinnacle was made negligently, in disregard of the rights of River Downs.

26.     Sportech is liable for all damages proximately resulting from its negligent interference with the contractual relationship among PNK, Pinnacle and River Downs.

### COUNT FOUR

27.     River Downs incorporates by reference the allegations set forth in paragraphs 1-26 above.

28.     Sportech's statement to PNK and Pinnacle that River Downs had breached its obligation to pay over $100,000 was and is false.

29.     Sportech made the statement without due regard for the falsity of the statement.

30.     The statement constitutes libel per se.

31.     River Downs is entitled to recover damages to its reputation proximately resulting from the publication of the statement, which damages are presumed.

- 4 -

**WHEREFORE,** River Downs requests that this Court:

1.    Issue a judgment declaring that it owes no debt or other obligation to Sportech;

2.    Award compensatory and punitive damages proximately resulting from Sportech's intentional interference with River Downs' contract with PNK and Pinnacle;

3.    Award compensatory damages proximately resulting from Sportech's negligent interference with River Downs' contract with PNK and Pinnacle;

4.    Award compensatory and punitive damages proximately resulting from Sportech's publication of defamatory comments related to River Downs;

5.    And for all other relief to which is may be entitled, including attorneys fees and the expenses of this action.

## Jury Demand

River Downs demands a trial by jury on all issues so triable.

Respectfully submitted,

*Of Counsel:*

John C. Greiner (0005551)
*Attorney for Plaintiff*
*River Downs Investment Company*
John J. Kropp (0018158)                    GRAYDON HEAD & RITCHEY LLP
GRAYDON HEAD & RITCHEY LLP                  1900 Fifth Third Center
1900 Fifth Third Center                     511 Walnut Street
511 Walnut Street                           Cincinnati, OH 45202-3157
Cincinnati, OH 45202-3157                   Phone:  (513) 629-2734
Phone:  (513) 621-6464                      Fax:     (513) 651-3836
Fax:     (513) 651-3836                     E-mail:  jgreiner@graydon.com

- 5 -

## PRAECIPE FOR SERVICE

TO THE CLERK:

Please issue a **Summons** along with a copy of this **Complaint** to the Defendant identified in the caption on page one via U.S. Certified Mail, return receipt requested.

**John C. Greiner** (0005551)

3298210.1